UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH REASONER,
JEFFERY A. REASONER,

        **Plaintiffs,**

-vs-                                       **Case No.  6:06-cv-1819-Orl-19DAB**

ALL SEASONS POOL SERVICE, INC.,

        **Defendants,**

_____

## ORDER

This case comes before the Court on the following:

1.      Defendant All Season Pool Service, Inc.'s Combined Motion For Summary Judgment And Supporting Memorandum Of Law (Doc. No. 37, filed Oct. 26, 2007);

2.      Plaintiffs Deborah Reasoner and Jeffery A. Reasoner's Memorandum Of Law In Opposition To Motion For Summary Judgment (Doc. No. 44, filed Nov. 28, 2007); and

3.      Plaintiffs' Notice Of Filing Exhibits In Opposition To Motion For Summary Judgment (Doc. No. 43, filed Nov. 28, 2007).

### Background

Plaintiffs Deborah Reasoner and Jeffrey Reasoner have brought this action against Defendant All Seasons Pool Service, Inc. under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-19 (2006), demanding payment of overtime wages. (Doc. Nos. 19, 32.)[1] Defendant denies that

---

[1]      In Plaintiffs' Second Amended Complaint at Docket Number 32, Plaintiffs corrected Defendant's corporate name from All Seasons Pools, Inc. to All Seasons Pool (continued...)

there has been any violation of the FLSA and asserts four affirmative defenses: (1) Plaintiffs have not worked in excess of forty hours per week; (2) Defendant had a good faith belief that Plaintiff Deborah Reasoner was exempt from overtime compensation; (3) any award of compensation should be setoff by money improperly taken from Defendant by Plaintiffs; and (4) Plaintiffs' claims are barred by the statute of limitations. (Doc. No. 21.)

The Motion currently before the Court is Defendant's Motion for Summary Judgment against Plaintiffs. (Doc. No. 37.) Plaintiffs have filed a Response in opposition to this Motion. (Doc. No. 44.)

## Standard of Review

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement

---

[1](...continued)
Service, Inc. (Doc. Nos. 30, 32.) They also joined John N. Watts and Diane P. Watts as Defendants. (Doc. No. 32.) On October 2, 2007, the Court dismissed Plaintiffs' claims against John N. Watts and Diane P. Watts due to improper service on these two Defendants. (Doc. No. 36.) The only remaining difference between the Second Amended Complaint at Docket Number 32 and the Amended Complaint at Docket Number 19 is Defendant's corporate name. Therefore, Defendant's Answer to Plaintiffs' Amended Complaint applies to Plaintiffs' Second Amended Complaint. (Doc. No. 21.)

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## Analysis

In its Motion for Summary Judgment, Defendant argues for judgment in its favor on three grounds. First, Defendant argues that all or part of Plaintiffs' claims are barred by the statute of limitations applicable to the FLSA. (Doc. No. 37 at pp. 7-10.) Next, Defendant asserts that Plaintiffs have failed to establish that they did in fact perform work for which they were not compensated. (*Id.* at pp. 11-15, 18-22.) Lastly, Defendant claims that even if Plaintiff Deborah Reasoner is entitled to compensation, her recovery is entitled to a setoff due to improper payments

she received from Defendant.  (*Id.* at pp. 16-18.)  The Court considers each of these arguments in turn.

## I.      Statute of Limitations

Title 29, Section 255 of the United States Code provides the statute of limitations applicable to actions for "unpaid overtime compensation . . .under the Fair Labor Standards Act of 1938" and states that such actions "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued . . . ."  29 U.S.C. § 255(a) (2006).[2]  As the Eleventh Circuit Court of Appeals explained, "Each failure to pay overtime constitutes a *new* violation of the FLSA."  *Knight v. City of Columbus*, 19 F.3d 579, 581 (11th Cir. 1994).  Quoting the former Fifth Circuit Court of Appeals, the *Knight* Court stated, "It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed."  *Id.* (quoting *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973)).

### A.      Deborah Reasoner

Plaintiff Deborah Reasoner filed her initial Complaint in this Court on November 29, 2006. (Doc. No. 1.)  Therefore, under the FLSA, she may recover for any violations which occurred in the two years preceding this date.  29 U.S.C. § 255(a).  Claims for violations occurring before November 29, 2004, however, are "forever barred" by the statute.  *Id.*  Defendant moves this Court

---

[2]      Title 29, Section 255(a) of the United States Code provides for a three-year statute of limitations when the cause of action arises out of a willful violation of the FLSA. Plaintiffs have not alleged in their Complaint nor argued in their Response to Defendant's Motion that Defendant's violation was willful.  (Doc. Nos. 32, 44.) Therefore, the two year statute of limitations applies in this case.

to dismiss any claims accruing prior to this date and Plaintiff has not opposed this Motion.[3] Accordingly, any of Plaintiff's claims that allege FLSA violations accruing prior to November 29, 2004 are dismissed.

### B.   Jeffery Reasoner

To decide whether Plaintiff Jeffery Reasoner's claims are within the statute of limitations this Court must first determine the date on which his action "commenced."  Typically a plaintiff's action commences when the plaintiff files the action in court.  However, when a plaintiff joins an ongoing action as part of an amended pleading, a court may determine that the amendment relates back to the date of the original pleading.  Fed. R. Civ. P. 15(c)(1).  In other words, the new plaintiff's action may be considered "commenced" as of the date of the filing of the first complaint.  *Id.*

When an amended complaint merely adds new claims, relation back is permitted if these claims "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ."  *Id.* at 15(c)(1)(B).  On the other hand, when an amended complaint seeks to add new parties, "the relation back rule is more stringent."  *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131 (11th Cir. 2004).  When adding a new plaintiff, an amended complaint will relate back only if: (1) the provisions of Rule 15(c)(1)(B)[4] are satisfied; (2) the amendment does not prejudice the defendant; and (3) the original complaint provided the defendant with adequate notice of the claims raised by the newly-added plaintiff.  *Harris v. Jones*, Nos. 3:06-cv-433-J-32MCR, 3:07-cv-30-J-32MCR, 2007 WL 2310784, at *2 (M.D. Fla. Aug. 8, 2007); *Hughes v. American*

---

[3]      In their Response to Defendant's Motion, Plaintiffs do not address Defendant's statute of limitations argument.  (Doc. No. 44.)

[4]      Prior to December 1, 2007, this Rule was numbered 15(c)(2) and was referred to as such in earlier cases.

*Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2010786, at *2 (M.D. Fla. July 6, 2007); *see also Cliff*, 363 F.3d at 1132.[5]

### 1.     Same Conduct, Transaction, or Occurrence

In her original Complaint, Plaintiff Deborah Reasoner brought an action for unpaid overtime compensation accrued during her employment with Defendant which began in approximately July of 2003.  (Doc. No. 1.)  In the Amended Complaint, Plaintiff Jeffery A. Reasoner joined the action as a party.  (Doc. No. 19.)  Plaintiff Jeffery Reasoner also claims unpaid overtime compensation accrued during his employment with Defendant which began in approximately January of 2004. (*Id.*)  Both Plaintiffs challenge the same conduct: Defendant's failure to pay overtime compensation for work done in approximately the same time period.  (*Id.* at pp. 2-5; Doc. No. 43-3 at p. 1; Doc. No. 43-4 at p. 1.)  Therefore, Plaintiff Jeffery Reasoner's claim in the amended pleading arises out of the conduct, transaction, or occurrence set forth in Plaintiff Deborah Reasoner's original pleading.

### 2.     Prejudice

Plaintiff Deborah Reasoner filed her Motion to Amend the Complaint to add Plaintiff Jeffery Reasoner on January 30, 2007, two months after filing her original Complaint on November 29, 2006.  (Doc. Nos. 1, 17.)  This Motion was unopposed by Defendant.  (Doc. No. 17.)  Defendant

---

[5]     In *Cliff*, the Eleventh Circuit declined to specify the exact test courts should apply in determining whether to relate back an amended complaint that adds a new plaintiff.  *Cliff*, 363 F.3d at 1132.  The Court discussed two possibilities: the test under former Federal Rule of Civil Procedure 15(c)(3) and the three-part test developed by the Ninth Circuit Court of Appeals in *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996).  *Cliff*, 363 F.3d at 1132.  The Court noted that both tests involved "considerations of notice and prejudice" but declined to adopt one test over the other.  *Id.*  In this district, Judge Steele combined these two tests to develop a three-part test focusing on "considerations of notice and prejudice" in *Hughes*, 2007 WL 2010786, at *2.  The Court finds this to be a sound interpretation of *Cliff* and applies the *Hughes* test here.

filed an Answer to the Amended Complaint on February 13, 2007 and a Verified Summary of Plaintiff Jeffery Reasoner's recorded wages and hours on March 13, 2007.  (Doc. Nos. 21, 26.)  Defendant has not argued, nor does this Court find, that Defendant has been prejudiced in any way by the addition of Plaintiff Jeffery Reasoner.

### 3.      Notice

According to Defendant, Plaintiff Jeffery Reasoner is the son of Plaintiff Deborah Reasoner.  (Doc. No. 37 at p. 5.)  Plaintiffs have not contested this allegation.  (Doc. No. 44.)  Both Plaintiffs worked for Defendants during approximately the same time period.  (Doc. No. 19 at pp. 2-5.)  Both Plaintiffs allege that Defendant violated the same provision of the FLSA.  (*Id.*)  Defendant has not disputed that it was notified of Plaintiff Jeffery Reasoner's claims when Plaintiff Deborah Reasoner filed her Complaint.  (Doc. No. 37.)  There being no argument to the contrary, the Court finds that Defendant was sufficiently notified of Plaintiff Jeffery Reasoner's claims in the original Complaint.

All three elements of the *Hughes* test are met; therefore, Plaintiff Jeffery Reasoner's action relates back to the date of the original pleading on November 29, 2006.[6]  Under Title 29, Section 255(a) of the United States Code, the two year statute of limitations period applicable to the FLSA runs back from this date.  Plaintiff has offered no arguments why this should not be the case.  (Doc.

---

[6]      In its Motion for Summary Judgment, Defendant did not argue against relating back Plaintiff Jeffery Reasoner's cause of action.  (Doc. No. 37 at pp. 9-10.)  Curiously, Defendant wrote, "Assuming for purposes of this Motion that Jeffery Reasoner's Complaint relates back to the date of filing of the Motion for Leave to Amend–January 30, 2007 . . . ."  (*Id.*)  Defendant's Motion does not provide any reasoning for the selection of this date.  Furthermore, since the Amended Complaint was filed on January 31, 2007, Defendant's proposition would only relate Plaintiff Jeffery Reasoner's action back one day.  (Doc. Nos. 17, 19.)

No. 44.)  Therefore, any of Plaintiff Jeffery Reasoner's claims that allege FLSA violations accruing prior to November 29, 2004 are dismissed.

## II.    Merits of Plaintiffs' FLSA Claims

### A.    Evidentiary Standards

The FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). An employee who is denied overtime compensation may bring an action against his or her employer to recover this unpaid compensation, unless the employee is exempt from overtime payment requirements.  *Id.* § 216(b).  The FLSA identifies several categories of exempted employees, including "any employee employed in a bona fide executive, administrative, or professional capacity . . . ."  *Id.* § 213(a)(1).[7]

An employee who brings suit under Section 216(b) of the FLSA has the burden of proving that he or she "performed work for which he was not properly compensated."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972).  Normally an employee may "easily discharge his burden" by securing and producing the relevant employment records from the

---

[7]    Defendant asserted the affirmative defense of good faith belief that Plaintiff Deborah Reasoner qualified as an exempt employee. (Doc. No. 21 at p. 2, ¶ 2.)  However, Defendant does not assert this defense as a basis for summary judgment, and therefore the Court will not consider it here.

employer.  *Id.* at 687.  However, when the employer's records are inaccurate or inadequate, an employee has carried out his or her burden when the employee "produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Id.*  Upon such a showing, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Id.* at 687-88.

When an employer raises the defense of exemption from the overtime provisions of Section 207, the employer bears the burden of proving the applicability of a FLSA exemption by "clear and affirmative evidence."  *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (quoting *Birdwell v. City of Gadsen*, 970 F.2d 802, 805 (11th Cir. 1992)).  Such exemptions are "to be narrowly construed against the employer."  *Birdwell*, 970 F.2d at 805.

### B.    Application of Standards

The Court must decide whether there is any genuine dispute as to the number of hours Plaintiffs worked or the amount of compensation they should have received.

### 1.    Hours Worked

### a.    Deborah Reasoner

Plaintiff Deborah Reasoner has claimed under oath that she worked an average of ten hours per week of unpaid overtime over the course of twenty-four weeks. (Doc. Nos. 13-2, 19.) She does not specify the dates to which she is referring and has presented no evidence other than her own statement.

Defendant has filed a Verified Summary of the number of hours of overtime that Plaintiff Deborah Reasoner claimed to have worked during her last twenty-four weeks of employment and

the amount of money she was paid in compensation.  (Doc. No. 23.)  In this Summary, Defendant indicates that Plaintiff failed to document her time by clocking in and out every day as required.  (*Id.* at p. 2.)  Therefore, Defendant states, "While Defendant knows how much Ms. Reasoner was paid during these weeks, it is impossible to know the hours she actually worked."  (*Id.*)

Defendant has offered evidence that Plaintiff Deborah Reasoner did not in fact work for the number of hours she claimed.  Defendant asserts that Plaintiff's supervisor was her lover and the two were conspiring to embezzle funds from Defendant.  (Doc. No. 37 at pp. 14-15.)  These allegations are the subject of an ongoing civil action in state court.  (*Id.*)  Resolving the issue of whether Plaintiff actually worked the number of hours for which she was paid involves weighing the credibility of the parties and witnesses involved and gets into complicated fact issues.  Such determinations are not appropriate for summary judgment; therefore, the Court finds a genuine issue of material fact as to the number of hours of overtime that Plaintiff Deborah Reasoner worked.

### b.    Jeffery Reasoner

In his Complaint and Answers to the Court's Interrogatories, Plaintiff Jeffery Reasoner claimed under oath to have worked an average of ten hours per week of unpaid overtime for seventy-two weeks.  (Doc. Nos. 19, 26.)  He has presented no additional evidence to support this claim.

Defendant has filed a Verified Summary of Plaintiff Jeffery Reasoner's hours worked and compensation.  (Doc. No. 26.)  Within Defendant's Verified Summary, however, there is an inconsistency.  Defendant distinguishes between the hours that Plaintiff Jeffery Reasoner "worked" and the hours for which he was "paid."  (Doc. No. 26.)  Apparently the amount "worked" is the amount of time reflected on Plaintiff's time cards.  (*Compare* Doc. No. 26 *with* Doc. No. 37-4.)  The number of hours for which Plaintiff was paid exceeds the number of hours shown on his time cards.

Defendant argues that the Court should infer from this that Plaintiff Jeffery Reasoner did not in fact work for all the time that he was paid.  (Doc. No. 37 at pp. 19-22.)  To rebut this inference, Jeffery Reasoner has averred, "During my employment, I did not always have a timecard."  (Doc. No. 43-4 at p. 2, ¶ 4.)  Resolving this conflict again involves weighing the credibility of the parties, which is not appropriate for summary judgment.  The Court therefore finds a genuine issue of material fact as to the number of hours of overtime Plaintiff Jeffery Reasoner worked.

### 2.      Overtime Compensated

The Court now considers whether there is any genuine dispute as to Plaintiffs' rate of compensation.  The parties offer differing theories as to whether Plaintiffs were properly compensated under either the Fluctuating Work Week Method or the Regular Overtime Compensation Method.

### a.      Fluctuating Work Week Method

Plaintiffs argue that Defendant improperly utilized the Fluctuating Work Week ("FWW") method of compensation for their overtime work.  (Doc. No. 44 at pp. 5-6.)  Federal Regulation describes the FWW method as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a) (2007).  The FWW only applies when an employee receives a fixed weekly salary.  *Id.*  Under the FWW method of compensation, the regular rate of pay is determined "by

dividing the number of hours worked in the workweek into the amount of the salary to obtain the

applicable hourly rate for the week." *Id.* Thus, the regular rate varies according to the number of

hours worked in a given week.

This method is not considered an exemption to the overtime provisions of the FLSA but is

instead an alternative method of compensation. *Davis v. Friendly*, No. 02-1411, 2003 WL

21488682, at *3 n. 4 (11th Cir. Feb. 6, 2003) (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636

(5th Cir. 2001)). Therefore, the "employee bears the burden of proving non-compliance with the

fluctuating work week method." *Id.* at *3.

Defendant's General Manager, Mr. Kantarjian, stated under oath that Plaintiff Deborah

Reasoner was paid a straight weekly salary of $600 per week through the pay date March 11, 2005.

(Doc. No. 37-2 at p. 8, ¶ 11.) After that time, she was compensated on an hourly basis. (*Id.* at p.

10, ¶ 12.)[8] The following chart represents the number of hours of overtime work for which Plaintiff

was compensated in comparison with the amount owed under the FWW method.

**Deborah Reasoner Fluctuating Work Week Compensation Chart**

| Date Paid | OT Hours | Rate of Pay | OT Paid | FWW Hourly | ½ Rate | OT Due |
|-----------|----------|-------------|---------|------------|--------|--------|
| 12/31/04  | 5        | $600 salary | $37.50  | $13.33     | $6.67  | $33.33 |
| 1/07/05   | 5        | $600 salary | $112.50 | $13.33     | $6.67  | $33.33 |

_____

[8]     The pay stubs do not clearly evidence when Plaintiff Deborah Reasoner switched
from salary pay to hourly pay. (Doc. No. 37-3.)  Through her pay stub dated April
22, 2005, the number of regular hours Plaintiff worked was not included on her pay
stub.  (*Id.* at pp. 3-24.)  The number of regular hours Plaintiff worked began to
appear on the pay stubs beginning on April 29, 2005. (*Id.* at pp. 25-33.) Though this
evidence is inconclusive, by Mr. Kantarjian's statement the latest that Plaintiff could
have been subject to compensation under the fluctuating work week was through the
pay date March 11, 2005.

| 1/14/05 | 10 | $600 salary | $150.00 | $12.00 | $6.00 | $60.00 |
|---|---|---|---|---|---|---|
| 1/21/05 | 0 | $600 salary | $0.00 | $15.00 | $7.50 | $0.00 |
| 1/28/05 | 7 | $600 salary | $82.50 | $12.76 | $6.38 | $44.68 |
| 2/04/05 | 2 | $600 salary | $45.00 | $14.28 | $7.14 | $14.28 |
| 2/11/05 | 0 | $600 salary | $0.00 | $15.00 | $7.50 | $0.00 |
| 2/18/05 | 5 | $600 salary | $37.50 | $13.33 | $6.67 | $33.33 |
| 2/25/05 | 5 | $600 salary | $37.50 | $13.33 | $6.67 | $33.33 |
| 3/04/05 | 5 | $600 salary | $37.50 | $13.33 | $6.67 | $33.33 |
| 3/11/05 | 10 | $600 salary | $225.00 | $12.00 | $6.00 | $60.00 |
| | | Total Paid = | $765.00 | | Total Due = | $345.61 |

This chart shows that Plaintiff Deborah Reasoner was overpaid $419.39[9] under the FWW compensation method.  Her actual payment therefore does not conclusively establish that she was subject to FWW compensation.   Additionally, Plaintiff Deborah Reasoner denies ever being told that she would be paid a straight weekly salary regardless of whether she worked more or less than forty hours in a given work week.  (Doc. No. 43-3 at p. 2.)  This statement, along with Plaintiff's wage and hour records, raises a genuine issue of material fact as to whether there was a "clear mutual understanding" that Plaintiff Deborah Reasoner would be compensated under the FWW method.

Mr. Kantarjian has asserted that "[a]t all times after January 30, 2005, Jeffery Reasoner was being paid an hourly rate of $12.50 per hour."  (Doc. No. 37-2 at p. 6.)[10]  Prior to this time, Plaintiff

---

[9]      $765.00 – $345.61 =  $419.39.

[10]     Plaintiff Jeffery Reasoner's pay stubs also show that he was paid an hourly rate
(continued...)

Jeffery Reasoner received a weekly salary.  Therefore, the FWW method only applies to pay periods prior to January 30, 2005.  The following chart represents the number of hours of overtime work for which Plaintiff Jeffery Reasoner was compensated in comparison with the amount owed under the FWW method.

### Jeffery Reasoner Fluctuating Work Week Compensation Chart

| Date Paid | OT Hours | Rate of Pay | OT Paid | FWW Hourly | ½ Rate | OT Due |
|---|---|---|---|---|---|---|
| 12/03/04 | 8 | $450 salary | $67.44 | $9.37 | $4.68 | $37.44 |
| 12/10/04 | 5 | $450 salary | $28.10 | $10.00 | $5.00 | $25.00 |
| 12/17/04 | 18 | $500 salary | $197.54 | $8.62 | $4.31 | $77.58 |
| 12/24/04 | 11.22 | $500 salary | $70.13 | $9.76 | $4.88 | $54.75 |
| 12/31/04 | 10 | $500 salary | $62.50 | $10.00 | $5.00 | $50.00 |
| 1/7/05 | 0 | $500 salary | $0.00 | $12.50 | $6.25 | $0.00 |
| 1/14/05 | 20.97 | $500 salary | $257.44 | $8.20 | $4.10 | $85.97 |
| 1/21/05 | 16.43 | $500 salary | $183.63 | $8.86 | $4.43 | $72.78 |
| 1/28/05 | 15 | $500 salary | $93.75 | $9.09 | $4.54 | $68.10 |
| 2/4/05 | 0 | $500 salary | $0.00 | $12.50 | $6.25 | $0.00 |
| | | Total Paid  =  $960.53 | | | Total Due  =  $471.62 | |

As this chart demonstrates, under the FWW method of compensation, Plaintiff Jeffery Reasoner was overpaid $488.91.[11]  Like the records of Plaintiff Deborah Reasoner, the wage and

---

[10](...continued)
    beginning in the pay period that started on January 29, 2005.  (Doc. No. 37-4 at p. 3.)

[11]     $960.53 – $471.62 = $488.91.

hour records of Plaintiff Jeffery Reasoner do not conclusively establish that he was compensated under the FWW.  Further, Plaintiff Jeffery Reasoner denies ever being informed that he would be compensated under this method.  (Doc. No. 43-4 at p. 2, ¶ 7.)  Therefore, there is a genuine issue of material fact as to whether there was a "clear mutual understanding" that Plaintiff Jeffery Reasoner would be compensated under the FWW method.

Thus, there are genuine disputes as to whether Plaintiffs were subject to and properly compensated under the FWW method.  The Court must next consider whether there is a genuine dispute as to Plaintiffs' compensation under the regular overtime provisions of the FLSA.

### b.        Regular Overtime

Under Title 29, Section 207(a)(1) of the United States Code, any employee working over forty hours in a workweek must be compensated for the excess hours at a rate "not less than one and one-half times the regular rate at which he is employed."  When an employee is paid on the basis of a single hourly rate, that rate is the employee's "regular rate."  29 C.F.R. § 778.110(a).  When an employee is paid on a weekly salary basis, the employee's regular hourly rate of pay is "computed by dividing the salary by the number of hours which the salary is intended to compensate."  *Id.* § 778.113(a).

Both Plaintiffs were first paid on a weekly salary basis and then subsequently paid on an hourly basis.  In the previous Section the Court concluded that there was a genuine dispute as to whether the salary was based on a forty hour work week or a fluctuating work week.  For purposes of this Section, the Court will assume without deciding that the salary was for a forty hour work week to determine if there is a genuine dispute regarding Plaintiffs' regular overtime compensation.

The following chart demonstrates the number of hours of overtime work for which Plaintiff Deborah Reasoner was paid from December 31, 2004 to June 10, 2005 in comparison with the amount owed to her under Section 207.  She was first paid $600 for a forty hour work week, and so her regular rate of pay was $15.00 per hour.  Any overtime should have been compensated at 1.5 times this rate, or at $22.50 per hour.  As demonstrated by this chart, there is a genuine issue of material fact as to whether she was properly compensated under Section 207 of the FLSA.

**Deborah Reasoner Overtime Compensation Chart**

| Date Paid | OT Hours | Rate of Pay | OT Paid | OT Due | Difference |
|-----------|----------|-------------|---------|--------|------------|
| 12/31/04[12] | 5 | $600 salary | $37.50 | $112.50 | $75.00 |
| 1/07/05 | 5 | $600 salary | $112.50 | $112.50 | $0.00 |
| 1/14/05 | 10 | $600 salary | $150.00 | $225.00 | $75.00 |
| 1/21/05 | 0 | $600 salary | $0.00 | $0.00 | $0.00 |
| 1/28/05 | 7 | $600 salary | $82.50 | $157.50 | $75.00 |
| 2/04/05 | 2 | $600 salary | $45.00 | $45.00 | $0.00 |
| 2/11/05 | 0 | $600 salary | $0.00 | $0.00 | $0.00 |
| 2/18/05 | 5 | $600 salary | $37.50 | $112.50 | $75.00 |
| 2/25/05 | 5 | $600 salary | $37.50 | $112.50 | $75.00 |
| 3/04/05 | 5 | $600 salary | $37.50 | $112.50 | $75.00 |
| 3/11/05 | 10 | $600 salary | $225.00 | $225.00 | $0.00 |

---

[12]     Listed in the Verified Summary (Doc. No. 23) but not included in Plaintiff Deborah Reasoner's pay stubs (Doc. No. 37-3).

| | | | | | |
|---|---|---|---|---|---|
| 3/18/05[13] | 5 | $15/hr | $112.50 | $112.50 | $0.00 |
| 3/25/05 | 0 | $15/hr | $0.00 | $0.00 | $0.00 |
| 4/01/05 | 4 | $15/hr | $90.00 | $90.00 | $0.00 |
| 4/08/05 | 5 | $15/hr | $112.50 | $112.50 | $0.00 |
| 4/15/05 | 5 | $15/hr | $112.50 | $112.50 | $0.00 |
| 4/22/05 | 2 | $15/hr | $45.00 | $45.00 | $0.00 |
| 4/29/05 | 0 | $15/hr | $0.00 | $0.00 | $0.00 |
| 5/6/05 | 0 | $15/hr | $0.00 | $0.00 | $0.00 |
| 5/13/05 | 0 | $15/hr | $0.00 | $0.00 | $0.00 |
| 5/20/05 | 4 | $15/hr | $90.00 | $90.00 | $0.00 |
| 5/27/05 | 5 | $15/hr | $112.50 | $112.50 | $0.00 |
| 6/3/05 | 5 | $15/hr | $112.50 | $112.50 | $0.00 |
| 6/10/05 | 0 | $15/hr | $0.00 | $0.00 | $0.00 |

Total Difference   =   $450.00

The next chart demonstrates the numbers of hours of overtime work for which Plaintiff Jeffery Reasoner was paid from December 3, 2004 to April 15, 2005 in comparison with the amount owed to him under Section 207.  He was first paid a salary of $450 for a forty hour work week, at which time his regular rate of pay was $11.25 per hour.  His salary was then raised to $500 per week, and so his regular rate of pay was $12.50 per hour.  Any overtime that he worked while making $450 per week should have been compensated at 1.5 times $11.25, or $16.87 per hour.  Any

---

[13]     Listed in the Verified Summary (Doc. No. 23) but not included in Plaintiff Deborah Reasoner's pay stubs (Doc. No. 37-3).

overtime he worked while making $500 per week or $12.50 per hour should have been compensated at a rate of $18.75 per hour.  As demonstrated by this chart, there is a genuine issue as to whether he was properly compensated under Section 207 of the FLSA.

**Jeffery Reasoner Overtime Compensation Chart**

| Date Paid | OT Hours | Rate of Pay | OT Paid | OT Owed | Difference |
|---|---|---|---|---|---|
| 12/03/04[14] | 8 | $450 salary | $67.44 | $134.96 | $67.52 |
| 12/10/04 | 5 | $450 salary | $28.10 | $84.35 | $56.25 |
| 12/17/04 | 18 | $500 salary | $197.54 | $337.50 | $139.96 |
| 12/24/04 | 11.22 | $500 salary | $70.13 | $210.37 | $140.24 |
| 12/31/04 | 10 | $500 salary | $62.50 | $187.50 | $125.00 |
| 1/07/05 | 0 | $500 salary | $0.00 | $0.00 | $0.00 |
| 1/14/05 | 20.97 | $500 salary | $257.44 | $393.18 | $135.74 |
| 1/21/05 | 16.43 | $500 salary | $183.63 | $308.06 | $124.43 |
| 1/28/05 | 15 | $500 salary | $93.75 | $281.25 | $187.50 |
| 2/04/05 | 0 | $500 salary | $0.00 | $0.00 | $0.00 |
| 2/11/05[15] | 10 | $12.50/hr | $187.50 | $187.50 | $0.00 |
| 2/18/05 | 10.1 | $12.50/hr | $189.38 | $189.37 | $0.00 |
| 2/25/05 | 5 | $12.50/hr | $93.75 | $93.75 | $0.00 |
| 3/4/05 | 12 | $12.50/hr | $225.00 | $225.00 | $0.00 |
| 3/11/05 | 3.44 | $12.50/hr | $64.50 | $64.50 | $0.00 |
| 3/18/05 | 0 | $12.50/hr | $0.00 | $0.00 | $0.00 |
| 3/25/05 | 0 | $12.50/hr | $0.00 | $0.00 | $0.00 |

---

[14]   The following ten items, through February 5, 2005, are listed in the Verified Summary (Doc. No. 26) but not included in Plaintiff Jeffery Reasoner's pay stubs (Doc. No. 37-4).

[15]   Plaintiff Jeffery Reasoner's pay stubs are included in the record from this date forward.

| 4/01/05 | 0 | $12.50/hr | $0.00 | $0.00 | $0.00 |
| 4/08/05 | 4 | $12.50/hr | $75.00 | $75.00 | $0.00 |
| 4/15/05 | 10.3 | $12.50/hr | $193.13 | $193.12 | $0.00 |

Total Difference  =  $976.64

According to the Court's calculations based on the Verified Employment Summaries provided by Defendant, there are genuine issues of material fact as to whether Plaintiffs are owed compensation for unpaid overtime work.  While Defendant argues that any amount owed to Plaintiff Deborah Reasoner is subject to a setoff, Defendant makes no similar arguments regarding Plaintiff Jeffery Reasoner.  (Doc. No. 37 at pp. 16-18.)  Therefore, having found genuine disputes as to the number of hours that Plaintiff Jeffery Reasoner worked and the amount of compensation owed to him, the Court must deny Defendant's Motion for Summary Judgment against Plaintiff Jeffery Reasoner as to his claims accruing after November 29, 2004.  The Court now considers whether Defendant's setoff defense against Plaintiff Deborah Reasoner disposes of her claims for overtime compensation.

### III.    Setoffs as to Deborah Reasoner

In its Motion for Summary Judgment, Defendant argues that it is "entitled to a set-off for the 4 weeks of wages paid to Deborah Reasoner following the termination of her employment, which she accepted and retained, as well as for the double mileage reimbursements paid to and retained by Deborah Reasoner."  (Doc. No. 37 at p. 16.)  A setoff is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed.  *Mercer v. Palm Harbor Homes, Inc.*, No. 8:05-cv-1435-T-30TGW, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005); *Tibensky v. C.D.C. Acquisition Corp.*, No. 6:05-cv-820-ORL-28-

DAB, 2005 WL 1949825, at *1 (M.D. Fla. Aug. 12, 2005).  A setoff is permitted so long as it does

not result in sub-minimum wage payments to the employee.  *Singer v. City of Waco*, 324 F.3d 813,

829 n. 9 (5th Cir. 2003); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314,

1321 (S.D. Fla. 2005); *Clifton v. Kinney*, No. 3:06-cv-264-J-33MMH, 2006 WL 3404813, at *2

(M.D. Fla. Nov. 24, 2006).   If the amount of the setoff exceeds the amount of overtime

compensation owed, the employee may not recover for the unpaid overtime.  *Mercer*, 2005 WL

3019302, at *2.

　　　To support its argument, Defendant offers evidence that Plaintiff Deborah Reasoner received

checks from Defendant on June 22, June 29, July 15, and July 20 of 2005.  (Doc. No. 23 at p. 2; Doc.

No. 37-2 at p. 11, ¶ 13.)  This evidence is introduced through Defendant's Verified Summary which

simply lists these four dates, the amounts, and states "direct deposited into Deborah Reasoner's bank

account after she had resigned her employment."  (Doc. No. 23 at p. 2.)  Mr. Kantarjian confirms

under oath that Plaintiff received "payroll checks" on these dates.  (Doc. No. 37-2 at p. 11, ¶13.)

Mr. Kantarjian also asserts that the propriety of these payments is currently the subject of a state

civil action and avers:

> After Deborah Reasoner's departure, Ms. Mock continued to issue wage checks to
> Deborah Reasoner that were not authorized and were issued for time periods after
> Deborah Reasoner had left the employment of All Seasons Pool Service, Inc.
> Simultaneously, Deborah Reasoner was receiving unemployment benefits. . . .  All
> Seasons Pool Service, Inc. has asserted that this is a clear case of fraud upon the
> unemployment system by Deborah Reasoner as she was receiving unauthorized and
> unearned from All Seasons Pool Services, Inc. and also collecting unemployment.

(*Id.* at p. 4.)

　　　In response, Plaintiff does not directly address these allegations, but states more generally

in an affidavit that "My immediate supervisor was John Watts" and "I dispute [Mr. Kantarjian's]

personal knowledge of the facts." (Doc. No. 43-3 at pp. 1-2, ¶¶ 3, 5.) She further states under oath, "Steve Kantarjian was not employed at ALL SEASONS POOLS when I became full time as plans examiner, so he has no first hand knowledge of my compensation agreements with Diane Watts, who hired me." (*Id.* ¶ 6.) Though Plaintiff's statements do not directly dispute Mr. Kantarjian's allegations, these assertions do express a general objection to Mr. Kantarjian's personal knowledge of Plaintiff's compensation agreement. One could infer that Plaintiff received these checks as compensation for work done at the end of her employment[16] or as compensation for mileage. Viewing these statements in the light most favorable to Plaintiff and drawing all inferences in favor of Plaintiff, the Court finds that there is a genuine issue of material fact as to whether Plaintiff was entitled to these four payments.

Defendant also claims that Plaintiff received duplicate mileage reimbursement checks on at least nine different dates. (Doc. No. 23 at pp. 1-2; Doc. No. 37 at pp. 17-18.) Plaintiff, however, denies receiving payment for duplicate mileage. (Doc. No. 43-3 at p. 2, ¶ 8.) She claims, "Sometimes I did not get my miles in before the checks were cut, so I would get it the next week." (*Id.*) This contradictory evidence presents a genuine issue of material fact as to whether Plaintiff received any payments to which she was not otherwise entitled that may be applied as a setoff to any amounts owed to her by Defendant. Therefore, having found genuine disputes as to the hours Plaintiff Deborah Reasoner worked, the compensation owed to her, and the availability of a setoff,

---

[16] Mr. Kantarjian stated under oath that "Deborah Reasoner's employment with All Seasons Pool Service, Inc. ended approximately June 10, 2005." (Doc. No. 37-2 at p. 2, ¶ 2.) Thus, the record does not conclusively establish the exact date on which Plaintiff stopped working for Defendant. Further, the paycheck she received on June 10, 2005 was for the pay period from May 28 to June 3 of that year. (Doc. No. 37-3 at p. 33.) The record does not reveal how Plaintiff was compensated for whatever work she may have done after June 3, 2005.

the Court must deny Defendant's Motion for Summary Judgment against Plaintiff Deborah Reasoner as to her claims accruing after November 29, 2004.

### Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Motion for Summary Judgment except as to Plaintiffs' claims accruing before November 29, 2004.  (Doc. No. 37.)  All claims accruing prior to November 29, 2004 are **DISMISSED** as time-barred by the FLSA's statute of limitations.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December _7_, 2007.


PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT


Copies furnished to:
Counsel of Record