**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DEBORAH REASONER,
JEFFERY A. REASONER,**
          **Plaintiffs,**

**-vs-**                                            **Case No. 6:06-cv-1819-Orl-19DAB**

**ALL SEASONS POOLS, INC.,
ALL SEASONS POOL SERVICE, INC.,
JOHN N. WATTS, DIANE P. WATTS**

          **Defendants,**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

      The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on February 26, 2008 with counsel for both parties and the individual defendants present.

The facts of this case make is a highly unusual one in the FLSA sphere.  Plaintiff Deborah Reasoner was employed by Defendants in July 2003 and Plaintiff Jeffrey Reasoner (her son) was employed by Defendants since January 2004; both Plaintiffs alleged they worked ten hours of overtime per week.  *See* Doc. No. 45.  The extent of Plaintiffs' entitlement to overtime was much disputed, primarily because Defendants contended the amount of overtime owed was exceeded by monies improperly received.  Concurrent with this case, there was a pending action in state court by All Seasons Pool Service, Inc. against Deborah Reasoner and Dorothy Annette Mock, alleging conversion, embezzlement, and similar actions.  Doc. No. 10.  Ms. Mock has been convicted of embezzling about $400,000 from All Seasons (Ms. Reasoner has not).  Defendants allege that Ms. Mock funneled monies to both Plaintiffs.  One example is an unauthorized Nextel phone, the bill for which exceeded any overtime amounts sought; Deborah Reasoner was also overpaid for four weeks following termination of her employment.  Defendants also contend that Plaintiffs did not properly clock in and out to track their time.  Defendants also contend that they would prevail at trial on the fluctuating work week compensation method.  Plaintiffs hotly disputed these claims.  As a practical matter, Defendants candidly admit that the set-off amounts would be uncollectible from Plaintiffs.

The parties eventually settled for a release of their respective claims against each other. Although Jeffrey Reasoner was not being sued by Defendants in the state civil case, he was willing to relinquish his claims against Defendants out of filial loyalty to his mother Deborah Reasoner, in order to secure the release of the claims against her.

The parties are to bear their respective attorney's fees and costs. Settlement via the release of the parties' claims in this case and the pending civil litigation is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 26, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy